**Leslie POPE, Appellant,**

v.

**ROMAC INTERNATIONAL, Appellee.**

**No. 02–CV–1180.**

District of Columbia Court of Appeals.

Submitted June 12, 2003.
Decided Aug. 7, 2003.

Leslie Pope, Pro Se.

Sue Marie King, Washington, DC, was on the brief for appellee.

Before TERRY, STEADMAN and RUIZ, Associate Judges.

RUIZ, Associate Judge:

Appellant, Leslie Pope, a *pro se* litigant, sued the appellee, Romac International ("Romac"), a temporary staffing company, for breach of contract and wrongful dis-

charge. She appeals the trial court's grant of summary judgment for appellee.

Pope first applied for temporary assignments with Romac on July 31, 1997. Romac hired Pope in May 1998 and assigned her to one of its clients, MCI, on a temporary basis as a financial analyst. Her assignment with MCI ended on October 20, 1998. Two days later, Pope filed for unemployment compensation at the Maryland Office of Unemployment Insurance (Maryland Unemployment Office). Upon receiving a Request for Separation Information from the Maryland Unemployment Office that noted that information provided "may affect the claimant's eligibility for benefits," Romac responded that Pope had been "discharged" for failure to follow instructions and work to the best of her ability, and noted that she had become ill during her tenure at MCI, which caused her to be absent a "few weeks in a row."[1] Romac also indicated on the form that after having been notified that her assignment at MCI would end in a week, Pope failed to show up for two days, at which time MCI told her not to bother returning for the last days of employment.

Pope's complaint claimed that Romac's actions constituted breach of contract and wrongful discharge, which caused her "financial hardship, anguish, pain, embarrassment, humiliation and indignity." Specifically, Pope alleged that Romac breached an "oral and written contract of employment that was modified and reinforced by certain policies, assurances and other express and implied statements that it was working to place her on other pro-jects. She claims that notwithstanding those promises, Romac wrongfully terminated her employment and ceased all efforts to locate projects for her "without cause and in violation of Romac International policies, because she filed a claim for unemployment compensation." Pope also claimed that Romac intentionally mischaracterized the reason for her discharge to avoid paying unemployment insurance.

After the close of discovery, Romac moved for summary judgment, arguing that because Pope was an at-will employee, Romac "possessed the right to terminate the working relationship at any time for any reason." Furthermore, Romac argued, there was no evidence that the appellant's at-will employment had been modified in any way.

The trial court found that because Pope's written agreement with Romac provided that employment would be "for no definite time period and may be terminated at any time," Pope was an at-will employee of Romac, whose employment could be terminated with or without cause.[2] *See Strass v. Kaiser Found. Health Plan*, 744 A.2d 1000, 1011–12 (D.C.2000) (noting the presumption in the District of Columbia that employment without articulating a specific term of duration is considered terminable at the will of either party at any time). The trial court further found that the written agreement had not been amended by the general assurances of Romac's Senior Staffing Manager, Robin Andrews, and staffing employee, Kyung Nam, that they would be able to "get [her] some-

1. This representation was later contested by Pope at a hearing in Maryland to determine unemployment compensation eligibility. According to Pope's deposition, the Maryland Unemployment Office initially denied her claim for unemployment compensation, but later determined at a hearing that she had not been discharged for misconduct and compen-sated her for the entire time she was eligible for unemployment.

2. The court further cited that the employment agreement provided that the completion of the job application "does not indicate that there are positions available and does not obligate [Romac] to offer ... a position if positions are available."

thing else" and "try to find something else" for her, as these statements were legally insufficient to create a binding offer of employment. The court found that these statements indicated not a breach, but a continued commitment to search for other opportunities on her behalf. The trial court determined, therefore, that Pope could not sustain a contractual action for wrongful discharge, and that Romac was entitled to judgment as a matter of law.[3]

■■■ We agree with the trial court that the evidence presented, even if believed by the fact-finder, would not prove by a preponderance of the evidence that Romac breached the employment contract, or any modification of the same, or that, being an at-will employee, she was wrongfully discharged. *See Adams v. George W. Cochran & Co.*, 597 A.2d 28, 33 (D.C.1991).

■■■ The trial court did not, however, consider the appellant's claim that Romac's mischaracterization of her employment status as "discharged," and the negative explanation of her performance thereafter, were intentionally made in order to reduce its contributions, and that they caused her to suffer financial hardship and other damages. Although Pope did not separately label this count, if Pope's allegations that Romac mischaracterized the nature of her termination or its cause are proven—as it appears was done in the course of the Maryland proceeding for unemployment compensation—they could make out a claim under legal theories other than the specific ones plead by this *pro se* plaintiff. *See Herbin v. Hoeffel*, 806 A.2d 186, 196 n. 16 (D.C.2002) (reversing dismissal of complaint for failure to state a claim where trial court did not address claim for intentional infliction of emotional distress, noting that although *pro se* complaint mixed legal theories and harms, "it was clear enough").[4] Though a well-plead complaint and the parties' submissions are helpful in assessing the viability of claims, summary judgment must be based on a review of the "entire record," giving the plaintiff "the benefit of all favorable inferences that can be drawn from the record." *Reynolds v. Gateway Georgetown Condominium Ass'n.*, 482 A.2d 1248, 1251–52 (D.C.1984) (citation omitted). In this case, we think that a comprehensive view of the complaint, deposition, and pleadings supports further proceedings on this claim.

Accordingly, we remand the case to enable the trial court to consider in the first

---

3. The appellant also argued she was wrongfully discharged in violation of public policy, but the trial court found that she presented no evidence to that effect. *See Carl v. Children's Hosp.*, 702 A.2d 159, 163–64 (D.C.1997) (en banc) (per curiam) (noting that a claim for wrongful discharge under the public policy exception may be recognized on "a clear showing, based on some identifiable policy that has been 'officially declared' in a statute or municipal regulation, or in the Constitution"). We perceive no error in the court's ruling.

4. Although we do not decide whether any particular cause of action would lie on the facts of this case under the law of the District of Columbia, or if applicable, of Maryland, on remand the parties and the trial court should consider claims based on intentional or reckless misrepresentation, derived from the common law of torts, *see, e.g., Carr v. Brown*, 395 A.2d 79, 84 (D.C.1978) (describing tortious interference with prospective advantage as "loosely allied to defamation"); *but see Elliott v. Healthcare Corp.*, 629 A.2d 6, 9 (D.C.1993) (holding that defamation claim fails because communication "by employer to D.C. Office of Employment Services is 'absolutely privileged'"); or arising under statute, D.C. CODE § 51–119(b) (2001) (imposing criminal penalty for "false record ... false statement ... to avoid the payment of ... contributions ... or to prevent or reduce payment of benefits"); MD. CODE. ANN., LAB. & EMPL. § 8–105(2)(2002) ("Unless a report or other written information or oral communication ... is false and malicious, a person may not bring an action for abusive or wrongful discharge, libel or slander...").

instance the appellant's claim that Romac mischaracterized the nature and cause of her discharge and that she suffered damages as a result.[5]

*So ordered.*

---

**5.** As noted, appellant eventually received unemployment compensation benefits, see *supra* note 1, but claims other injury.